**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MISTY'LIN WALKER,**

                Plaintiff,                5:12-cv-483
                                               (GLS/ESH)
        v.

**CAROLYN W. COLVIN,**

                Defendant.
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Olinsky Law Group                  HOWARD D. OLINSKY, ESQ.
300 S. State Street
5th Floor, Suite 520
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     VERNON NORWOOD
United States Attorney             Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Misty'Lin Walker challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income benefits (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl., Dkt. No. 1.) In a Report-Recommendation (R&R) filed June 19, 2013, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed and Walker's complaint dismissed.[1] (R&R, Dkt. No. 15.) Pending are Walker's objections to the R&R. (Dkt. No. 16.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background

On October 20, 2008, Walker filed an application for DBI and SSI under the Social Security Act. (Tr.[2] at 38-39, 121-27.) After her application was denied, Walker requested a hearing before an Administrative Law Judge (ALJ), which was held on March 11, 2010. (*Id.* at 9-37, 57-64, 73-74.) On April 1, 2010, the ALJ issued a decision denying the requested

---

[1] The clerk is directed to append the R&R to this decision. Familiarity therewith is presumed. (Dkt. No. 15.)

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-6, 40-55.)

Walker commenced the present action by filing a complaint on March 16, 2012, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending dismissal of Walker's complaint. (*See generally* R&R.)

## III. Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits

3

the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.* at *4-5.

## IV.  <u>Discussion</u>

Walker purports to object to the R&R on three grounds.  First, she asserts that the court should reject Judge Hines' recommendation that the ALJ's residual functional capacity determination was properly supported by substantial evidence, because the opinion of her treating physician was not given controlling weight.  (Dkt. No. 16 at 1-2.)  Second, she objects to Judge Hines' finding that the ALJ did not err in determining Walker's credibility.  (*Id.* at 3*.*)  Lastly, she objects to the ALJ's step five determination on the basis of its reliance on an allegedly incomplete hypothetical question.  (*Id.* at 3-4.)  The substance of these arguments, however, was previously raised in Walker's brief and considered and rejected by Judge Hines.  (Dkt. No. 10 at 9-16; R&R at 4, 13-22.)  Walker's "objections," therefore, are general and do not warrant *de novo* review.  *See Almonte*, 2006 WL 149049, at *4.

However, Walker does specifically object to Judge Hines' failure to address her argument that the ALJ did not consider her treating physician's

January 8, 2009 opinion. (Dkt. No. 16 at 2.) Walker asserts that, since this particular opinion is inconsistent with the ALJ's RFC determination, it should have been explicitly considered. (Dkt. No. 10 at 9-13.) This is a specific objection and thus merits de novo review.

The essence of Walker's argument is that the failure to explicitly consider the January 8, 2009 opinion of treating physician Dr. Narayana Reddy, (Tr. at 204-05), violated the treating physician rule, and therefore the ALJ's RFC determination was not supported by substantial evidence. (Dkt. No. 10 at 9.)

Medical opinions, regardless of the source, are evaluated by considering several factors outlined in 20 C.F.R. § 404.1527(c). Controlling weight will be given to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

Although Dr. Reddy's January 8, 2009 opinion is not explicitly mentioned in the ALJ's decision, this is not dispositive of Walker's argument, as the ALJ determined that Dr. Reddy's opinions were not

5

entitled to controlling weight because many of them were inconsistent with the evidence of record. (Tr. at 51.) In her January 8, 2009 report, Reddy opined that Walker "cannot read as short-term memory is so poor," and that she was "unable to have sustained concentrations." (*Id.* at 205.) This opinion was inconsistent, however, with other substantial evidence in the record, and the ALJ was therefore justified in assigning it less than controlling weight. *See Roma v. Astrue*, 468 F. App'x 16, 18-19 (2d Cir. 2012). Specifically, consultative examiner Dr. Kristen Barry offered an opinion on January 27, 2009 that Walker was "able to follow and understand simple directions and instructions" and "able to maintain her attention and concentration." (Tr. at 247-51.) Moreover, Dr. R. Nobel, state agency physician, opined that Walker had "adequate ability to understand[,] carry out and recall simple instructions" and "could persist at routine repetitive tasks." (*Id.* at 270.) Dr. Nobel therefore concluded that Walker retained the capacity for entry level work in a setting requiring only minimal contact with others. (*Id.*) For that reason, and the reasons articulated by Judge Hines in the R&R, the ALJ's assignment of less than controlling weight to Dr. Reddy's opinion is free from legal error and supported by substantial evidence. (R&R at 14-17.)

6

As to the remainder of Walker's objections, the court, having carefully reviewed the record, finds no clear error in the R&R and accepts and adopts it in its entirety.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' June 19, 2013 Report-Recommendation and Order (Dkt. No. 15) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Walker's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 27, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court